UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

　　　　Plaintiff,

　　v.

JAMESTON LEE-YAW,

　　　　Defendant.

Case No. CR04-5421 FDB

ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AND NOTING FOR CONSIDERATION PETITION FOR CORAM NOBIS RELIEF

　　This matter comes before the Court on Defendant Jameston Lee-Law's motion to withdraw guilty plea. The Court, having reviewed the motion, the response of the United States and the record, is fully informed and hereby denies the motion for the reasons that follow.

**Introduction and Background**

　　On July 29, 2004, a grand jury returned an indictment charging Jameston Lee-Yaw with one count of False Passport Application and one count of Social Security Fraud. Trial was originally set for October 121, 2004. Defense counsel, Ronald Ness requested two trial continuances based on a need to research Mr. Lee-Yaw's immigration status and any potential consequences of a guilty plea in regards to Defendant's immigration status. On February 4, 2005, Defendant entered a plea of

ORDER - 1

guilty to one count of the indictment charging him with False Passport Application. Mr. Lee-Yaw was sentenced on May 20, 2005, two years probation with 120 days home confinement. Mr. Lee-Yaw's supervision with U.S. Probation terminated on May 19, 2007.

Following Mr. Lee-Yaw's conviction in 2005, the U.S. Department of Immigration and Customs Enforcement served Mr. Lee-Yaw with a notice to appear. On January 30, 2007, Mr. Lee-Yaw was ordered deported based on the conviction in this Court. An appeal with the Bureau of Immigration Appeals was denied and Mr. Lee-Yaw has appealed the order of deportation to the Ninth Circuit.

On August 25, 2008, over three years after sentencing, Mr. Lee-Yaw sent a letter to this Court, claiming he was misled as to the potential consequences of his guilty plea. In addition, Mr. Le-Yaw submitted an affidavit by his defense counsel in which counsel states that he advised Mr. Lee-Yaw that it was his belief, and that of the U.S. Attorney, that a conviction for False Passport Application would not lead to deportation. Defense counsel states that the U.S. Attorney indicated to defense counsel that they believed that Mr. Lee-Yaw would not be subject to deportation as a result of a guilty plea to the charge of False Passport Application.

At the request of this Court, the U.S. Attorney filed a response noting that government counsel has no specific recollection regarding conversations regarding potential immigration consequences of Mr. Lee-Yaw's guilty plea, government counsel does not believe that he would have advised defense counsel that the conviction would not result in deportation. At the time this plea was negotiated, the United States Attorney's Office, as a matter of policy, would not negotiate regarding potential immigration consequences resulting from a plea agreement and would never assure a defendant as to any potential outcome of immigration proceedings.

This Court appointed new counsel for Mr. Lee-Yaw and the instant motion for withdraw of guilty plea was filed.

ORDER - 2

**Post-Sentence Motion to Withdraw Guilty Plea**

A defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Once a district court sentences a defendant, however, a "plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e); U.S. v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004).

Defendant's motion to withdraw guilty plea was filed after sentencing and cannot be maintained under Fed. R. Crim. P. 11(d)(2)(B). Defendant has not challenged the voluntariness of his plea on direct appeal. Accordingly, the avenue for challenge is collateral attack (habeas corpus review). Fed. R. Crim. P. 11(e); U.S. v. King, 257 F.3d 1013, 1022 (9th Cir. 2001)(After sentence has been imposed, the plea may be set aside only on appeal or by motion under 28 U.S.C. § 2255).

**18 U.S.C. § 2255**

In relevant part, 28 U.S.C. § 2255 provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas corpus relief under 28 U.S.C. § 2255 is available only if the defendant is "in custody under a sentence;" a term for the purposes of Mr. Lee-Yaw includes time served on supervised release or probation. See Matus-Leva v. U.S., 287 F.3d 758, 761 (9th Cir. 2002).

Mr. Lee-Yaw's term of probation ended on May 19, 2007. Accordingly, he is no longer in custody for the purposes of 28 U.S.C. § 2255 and is not entitled to relief.

Additionally, Mr. Lee-Yaw's request for relief is untimely. Section 2255 provides in part:

ORDER - 3

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant Lee-Yaw is seeking to collaterally attack his plea of guilty more than three years after his conviction became final. Defendant has not alleged any government misconduct that impeded his ability to make a timely filing. Moreover, Mr. Lee-Yaw knew of the facts supporting his claim, at the latest, on January 30, 2007 when he was ordered deported based on his conviction in this Court. Accordingly, the motion must be denied as untimely.

**Coram Nobis Relief**

Although not raised in Defendant's motion, the government recognized that the proper avenue for seeking relief was by petition for coram nobis relief. The writ of coram nobis provides a remedy for those suffering from lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact or egregious legal errors. While petitions for habeas corpus or motions to vacate, set aside or correct sentence may be filed only by persons who are in government custody, writ of error coram nobis affords a remedy to attack conviction when petitioner has served his sentence and is no longer in custody. U.S. v. Kwan, 407 F.3d 1005, 1009 (9th Cir. 2005).

To qualify for coram nobis relief, four requirements must be satisfied: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse

ORDER - 4

consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. Kwan, at 1011. A petition for writ of error coram nobis is not subject to any specific statute of limitations and the one-year limitations period of 28 U.S.C. § 2255(f) is inapplicable to coram nobis relief. Kwan, at 1012.

The government argues that coram nobis relief is unavailable to Mr. Lee-Yaw because he has failed to offer any legitimate explanations for not raising his challenge to the conviction sooner or through more usual channels.

In response to the government's argument, Mr. Lee-Yaw has conceded that as presently fashioned, his motion to withdraw guilty plea is subject to dismissal. Defendant has accordingly refashioned his argument and on February 12, 2009 filed a Petition for Coram Nobis Relief. This petition specifically addresses the government's argument that Defendant did not have valid reasons for not attacking the conviction earlier.

In light of this new pleading and arguments, the Court finds it appropriate sever the Petition for Coram Nobis Relief from the instant motion and note it for consideration on March 6, 2009. The government may file a response on or before February 27, 2009 and the Defendant, a reply no later than March 5, 2009

**Conclusion**

The Petition for Coram Nobis Relief is severed form the motion to withdraw guilty plea. Defendant's motion to withdraw guilty plea is denied.

ACCORDINGLY;

IT IS ORDERED:

(1) Defendant's Motion to Withdraw Guilty Plea [Dkt. # 38] is **DENIED**.

(2) The Petition for Coram Nobis Relief [Dkt. # 40] is noted for consideration on March 6, 2009. The government may file a response on or before February 27, 2009, and the Defendant, a reply no later than March 5, 2009.

ORDER - 5

DATED this 13th day of February, 2009.

/ s / Franklin D. Burgess
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6