UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMESTON LEE-YAW,

    Defendant.

Case No. CR04-5421 FDB

ORDER GRANTING DEFENDANT'S PETITION FOR CORAM NOBIS RELIEF

This matter comes before the Court on Defendant Jameston Lee-Law's petition for coram nobis relief. The Court, having reviewed the petition, the response of the United States and the record, is fully informed and hereby grants the petition for the reasons that follow.

**Introduction and Background**

On July 29, 2004, a grand jury returned an indictment charging Jameston Lee-Yaw with one count of False Passport Application and one count of Social Security Fraud. Trial was originally set for October 121, 2004. Defense counsel, Ronald Ness requested two trial continuances based on a need to research Mr. Lee-Yaw's immigration status and any potential consequences of a guilty plea in regards to Defendant's immigration status. On February 4, 2005, Defendant entered a plea of guilty to one count of the indictment charging him with False Passport Application. Mr. Lee-Yaw was sentenced on May 20, 2005, two years probation with 120 days home confinement. Mr. Lee-Yaw's supervision with U.S. Probation terminated on May 19, 2007.

ORDER - 1

Following Mr. Lee-Yaw's conviction in 2005, the U.S. Department of Immigration and Customs Enforcement served Mr. Lee-Yaw with a notice to appear. On January 30, 2007, Mr. Lee-Yaw was ordered deported based on the conviction in this Court. An appeal with the Bureau of Immigration Appeals was denied and Mr. Lee-Yaw has appealed the order of deportation to the Ninth Circuit.

On August 25, 2008, over three years after sentencing, Mr. Lee-Yaw sent a letter to this Court, claiming he was misled as to the potential consequences of his guilty plea. In addition, Mr. Le-Yaw submitted an affidavit by his defense counsel in which counsel states that he advised Mr. Lee-Yaw that it was his belief, and that of the U.S. Attorney, that a conviction for False Passport Application would not lead to deportation. Defense counsel states that the U.S. Attorney indicated to defense counsel that they believed that Mr. Lee-Yaw would not be subject to deportation as a result of a guilty plea to the charge of False Passport Application.

At the request of this Court, the U.S. Attorney filed a response noting that government counsel has no specific recollection regarding conversations regarding potential immigration consequences of Mr. Lee-Yaw's guilty plea. At the time this plea was negotiated, the United States Attorney's Office, as a matter of policy, would not negotiate regarding potential immigration consequences resulting from a plea agreement and would never assure a defendant as to any potential outcome of immigration proceedings. Government counsel states that based on this policy he believes he would not have advised defense counsel that the conviction would not result in deportation.

This Court appointed new counsel for Mr. Lee-Yaw. Subsequently, this Court denied Defendant's motion to withdraw his guilty plea and petition for habeas corpus relief as untimely. The instant petition for coram nobis relief followed.

**Coram Nobis**

The writ of coram nobis provides a remedy for those suffering from lingering collateral

ORDER - 2

consequences of an unconstitutional or unlawful conviction based on errors of fact or egregious legal errors. While petitions for habeas corpus or motions to vacate, set aside or correct sentence may be filed only by persons who are in government custody, writ of error coram nobis affords a remedy to attack conviction when petitioner has served his sentence and is no longer in custody. U.S. v. Kwan, 407 F.3d 1005, 1009 (9th Cir. 2005).

To qualify for coram nobis relief, four requirements must be satisfied: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. Kwan, at 1011. A petition for writ of error coram nobis is not subject to any specific statute of limitations and the one-year limitations period of 28 U.S.C. § 2255(f) is inapplicable to coram nobis relief. Kwan, at 1012.

The government concedes that Mr. Lee-Yaw has satisfied the first, third, and fourth elements for application of coram nobis relief. Addressing the first element, a more usual remedy is not available. U.S. v. Kwan, 407 F.3d 1005, 1012 (9th Cir. 2005)(a more usual remedy is not available if petitioner is not in custody and, as a result, not eligible for habeas relief). The third element is satisfied by the possibility of deportation as an adverse consequence of conviction. Kwan, at 1014. The fourth element is satisfied by defense counsel's ineffective assistance by misadvise of the potential for deportation as consequence of conviction. Kwan, at 1014.

At issue is the second element: whether valid reasons exist for not attacking the conviction earlier. Courts have noted that although there is not a specific statute of limitations for coram nobis relief, such a writ needs to be brought without "unreasonable delay." Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). Courts generally do not define "delay" as a specific time period; rather, courts will look to whether the petitioner has evidenced "diligence" in addition to considering the potential prejudice to the government. See United States v. Moore, 166 F.2d 102, 105 (7th Cir.1954) (considering diligence on the part of the petitioner in addition to the potential

ORDER - 3

prejudice suffered by the government).

Mr. Lee-Yaw was sentenced on May 20, 2005. His sentence expired in May 19, 2007. The request for writ of coram nobis was filed on February 12, 2009. Thus, almost 21 months have passed between the time his sentence expired and when coram nobis relief was sought. Mr. Law-Lee learned of his possible deportation on January 30, 2007, when the immigration judge entered a final removal order against Mr. Lee-Yaw. The petition for coram nobis relief was filed approximately 24 months later. Mr. Lee-Yaw must provide an adequate explanation justifying this 24-month delay between learning of the collateral consequences of his conviction and seeking coram nobis relief. See U.S. v. Riedl, 496 F.3d 1003, 1006-07 (9th Cir. 2007)(A lack of explanation for failure challenge a conviction provides no sound reason for delay in a filing petition for writ of error coram nobis).

Defendant Lee-Yaw asserts that his situation is "materially identical" to the Kwan case. In Kwan, a resident alien pled guilty to bank fraud in reliance on his defense attorney's affirmative representations that his guilty plea would have no adverse immigration consequences. Subsequently, Kwan was notified he was subject to deportation as a consequence of his conviction. Instead of filing a habeas petition, Kwan retained immigration counsel to challenge his deportation on the basis that defense counsel had advised him that the conviction would not result in deportation. After Kwan's request for relief was denied by the immigration court, he filed a petition for writ of coram nobis. Addressing the second element of coram nobis, the Ninth Circuit found Kwan had provided a reasonable explanation for not challenging his conviction at an earlier date. Kwan's actions in pursuing legal remedies to address the collateral consequences of his conviction during the period of the delay instead of pursuing habeas relief constituted a reasonable explanation for the delay in seeking relief from the conviction. Kwan, 407 F.3d at 1013-14.

The government responds with the argument that Defendant Law-Yee could have pursued both avenues of relief simultaneously: seeking to vacate his guilty plea and challenging his

ORDER - 4

deportation. The law does not require as much. As noted by the Ninth Circuit, "[a]lthough it may have been more prudent of Kwan to collaterally attack his conviction earlier, his course of action was reasonable. The law does not require to challenge his conviction at the earliest opportunity, it only requires Kwan to have sound reasons for not doing so." <u>Kwan</u>, at 1014 (citations omitted). Nor is the delay between the time Law-Yee received notice of deportation and filing of the petition for coram nobis relief unreasonable. Upon advise of counsel, Yaw-Lee challenged his deportation. As of this date, this challenge is pending before the Ninth Circuit.

The Court finds Mr. Lee-Yaw's situation indistinguishable form <u>Kwan</u>, a defendant who sought the advice of counsel and pursued legal remedies to address the collateral consequences of his conviction during the period of the delay, but whose counsel misled him by advising him that there was little chance his conviction would cause him to be deported.

The government also asserts it "may" will suffer severe prejudice due to the delay in seeking relief. The Court is not persuaded by the mere possibility of prejudice. It has been less than four years since Mr. Lee-Yaw's conviction and the government has made no showing that evidence is unavailable.

Accordingly, Defendant is entitled to coram nobis relief.

**Conclusion**

ACCORDINGLY;

IT IS ORDERED:

Defendant Jameston Lee-Law's Petition for Coram Nobis Relief [Dkt. # 40] is **GRANTED.**

Defendant's conviction and judgment is **VACATED.**

DATED this 23rd day of March, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5